UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-603-RJC
(3:10-cr-82-RJC-1)

| | |
|---|---|
| DEMARCO PEGUES, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **ORDER** |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), and on the Government's Motion to Dismiss (Doc. No. 7).

**I. BACKGROUND**

On May 18, 2010, Petitioner was indicted by the grand jury and charged with one count of possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)(1). (Criminal Case No. 3:10-cr-82-RJC-1, Doc. No. 1: Indictment). Defendant filed a motion to suppress, seeking to suppress two firearms based on an alleged illegal search. (Id., Doc. No. 11: Motion to Suppress Evidence). This Court held a hearing on the motion to suppress and denied the motion at the conclusion of the hearing. (Id., Doc. No. 14: Suppression Hr'g Tr.).

Petitioner proceeded to trial, and a jury subsequently found Petitioner guilty. (Id., Doc. No. 20: Jury Verdict). Before sentencing, the probation office submitted a presentence report ("PSR") in which the probation officer began with a base offense level of 24 based on Petitioner's having committed the felon-in-possession offense after having been convicted of two

crimes of violence or substance abuse offenses. (Id., Doc. No. 32 at 5: PSR). Petitioner's prior felony convictions included convictions for discharging a weapon into occupied property, selling cocaine, and possession with intent to sell or deliver cocaine. (Id. at 7-8). Although Petitioner committed the firearm offense on a different occasion than the cocaine offenses, the convictions were consolidated for purposes of sentencing, and the North Carolina state court imposed a single judgment, sentencing Petitioner to 20-33 months in prison for those convictions. See (Doc. No. 1 at 5-7). Pertinent to Petitioner's claim here, the probation officer assessed Petitioner three criminal history points for the firearm conviction and three criminal history points for the cocaine offenses, totaling six points. (Criminal Case No. 3:10-cr-82-RJC-1, Doc. No. 32 at 7-8). The probation officer calculated a total offense level of 26 and a criminal history category of V, resulting in an advisory Sentencing Guidelines range of imprisonment of 110-137 months. (Id. at 5; 11).

In response to the PSR, Petitioner objected to the criminal-history calculation and to the probation officer's assignment of six criminal history points based on Petitioner's prior felony convictions, asserting that those convictions could not be counted separately because the state court had imposed a single, consolidated sentence for the convictions. (Id. at 15). Petitioner also objected to the base offense level calculated by the probation officer, arguing that his prior drug-trafficking convictions should not have been assessed any points and could not, therefore, be used as a predicate felony sufficient to support a base offense level of 24 under U.S.S.G. § 2K2.1(a)(2). (Id.).

At Petitioner's sentencing hearing, this Court overruled Petitioner's objections, agreeing with the probation officer that because there was an intervening arrest between Petitioner's prior firearm felony and his drug-trafficking offenses, they counted as two sentences for purposes of

2

assessing criminal-history points. (Id., Doc. No. 50 at 8-9: Sentencing Hr'g Tr.). The Court then sentenced Petitioner to 115 months in prison, near the bottom of the applicable Guidelines range. (Id. at 22). In explaining its sentence, this Court stated that "even if the court were to accept the arguments of defense counsel that the method of counting the prior convictions is not correct," and that "the guideline calculation is in error in terms of a criminal history category V," the sentencing factors set forth in 18 U.S.C. § 3553(a) nevertheless warranted the sentence imposed and "the court would have departed or varied the sentence to accomplish that sufficient but not greater than necessary point regardless of its guideline computations." (Id. at 23). The Court entered its judgment on September 21, 2011.[1] (Id., Doc. No. 36: Judgment).

Petitioner appealed, arguing that this Court erred in denying his motion to suppress, improperly admitted certain evidence at trial, and erred in ordering that Petitioner reimburse his court-appointed attorneys' fees. On August 16, 2012, the Fourth Circuit affirmed Petitioner's conviction but vacated the attorneys' fees order in accordance with United States v. Moore, 666 F.3d 313 (4th Cir. 2012). See United States v. Pegues, 493 F. App'x 396 (4th Cir. 2012). The Court entered an amended judgment on September 19, 2012. (Criminal Case No. 3:10-cr-82-RJC-1, Doc. No. 53: Amended Judgment).

Petitioner placed the petition in the prison system for mailing on October 17, 2013, and it was stamp-filed in this Court on October 31, 2013. Petitioner moves this Court to vacate his sentence, asserting that this Court improperly assessed him criminal-history points based on two prior sentences, when those sentences were consolidated for judgment and should have been considered a single sentence, in light of United States v. Davis, 720 F.3d 215, 219-20 (4th Cir.

---

[1] The judgment was subsequently amended to correct a clerical error on November 8, 2011. (Id., Doc. No. 45: Judgment).

2013), and that this Court applied the wrong base offense level in calculating his applicable Sentencing Guidelines range of imprisonment. The Government filed the pending motion to dismiss on January 21, 2015. (Doc. No. 7). On January 26, 2015, this Court entered an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), giving Petitioner until February 12, 2015, to respond to the motion to dismiss. (Doc. No. 9). Petitioner filed his response to the motion to dismiss on March 2, 2015. (Doc. No. 12).

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter and the Government's motion to dismiss, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Petitioner contends that this Court erred in its guideline calculations by improperly assessing him three criminal-history points based on both his firearm and drug offenses, totaling six points, and by erroneously beginning with a base offense level of 24. Although Petitioner raised this argument as an objection to the PSR, he did not raise this claim on direct appeal. It is well established that where a petitioner has failed to raise a claim on direct review, that claim is procedurally defaulted and may only be raised on collateral review if the petitioner can first demonstrate either cause and prejudice, or that he is actually innocent. Bousley v. United States, 523 U.S. 614, 622 (1998); see also United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012).

4

"Cause" as used in this context requires the petitioner to show that the procedural default "turn[ed] on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." United States v. Pettiford, 612 F.3d 270, 280 (4th Cir. 2010).

Petitioner has not shown cause for his failure to challenge the Court's guideline calculations on direct review. Even if Petitioner could show cause, he cannot show prejudice because this Court explicitly explained at sentencing that it would have imposed the same sentence even if its guideline calculations were in error. Petitioner has not asserted that this Court could not properly have imposed an upward departure or variance based on its assessment of the § 3553(a) sentencing factors, and this Court's explanation of the sentence makes clear that it would have done so. Accordingly, Petitioner cannot show prejudice sufficient to excuse his procedural default.[2]

Additionally, although Petitioner's failure to show prejudice is plain, Petitioner cannot show ineffective assistance of counsel, as asserted in his motion to vacate, because he has not shown deficient performance. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v.

---

[2] Nor has he shown that he is factually innocent of the prior state court convictions that were consolidated for sentencing.

Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

Here, although the Fourth Circuit's decision in Davis supports Petitioner's argument that he should not have been assessed six criminal-history points for his firearm and drug prior convictions, Davis was decided nearly two years after this Court conducted Petitioner's sentencing hearing. It is well settled that "an attorney's assistance is not rendered ineffective because he failed to anticipate a new rule of law." Kornahrens v. Evatt, 66 F.3d 1350, 1360 (4th Cir. 1995). In sum, Petitioner cannot show ineffective assistance of counsel sufficient to establish cause to excuse his procedural default. Moreover, to the extent he has asserted an independent claim of ineffective assistance of counsel, Petitioner has not shown deficient representation sufficient to support such a claim.

Finally, the Court notes that, even if Petitioner's claim were not procedurally defaulted, he would still not be entitled to relief under § 2255 on the merits. The language of § 2255 makes clear that not every alleged sentencing error can be corrected on collateral review. Rather, the statute provides four avenues by which a petitioner can seek relief: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255(a). If the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to "a fundamental defect which

inherently results in a complete miscarriage of justice." United States v. Foote, 784 F.3d 931, 936 (4th Cir. 2015) (quoting Davis v. United States, 417 U.S. 333, 346 (1974)). This standard is only satisfied when a court is presented with "exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." Id. (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). Here, Petitioner cannot show that any sentencing error by this Court amounted to a fundamental defect which inherently resulted in a complete miscarriage of justice. Thus, even if Petitioner's claim were not procedurally defaulted, it would nevertheless fail on the merits.

**IV. CONCLUSION**

For the reasons stated herein, Petitioner's § 2255 petition is denied and dismissed, and the Government's Motion to Dismiss is granted.

    **IT IS THEREFORE ORDERED THAT**:

1. Petitioner's § 2255 motion, (Doc. No. 1), is denied and dismissed with prejudice.

2. The Government's Motion to Dismiss, (Doc. No. 7), is **GRANTED**.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

_____
Robert J. Conrad, Jr.
United States District Judge